**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

**KATON LAW**
Glenn Katon (SBN 281841)
gkaton@katon.law
385 Grand Ave., Suite 200
Oakland, CA 94610
Tel: (510) 463-3350

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN VALDEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF LATHROP; NATHANAEL NOVELLO; SANTINO SOYANGCO; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. 2:25-cv-03574-DAD-JDP<br><br>*Hon. Dale A. Drozd*<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference:<br>Date:   April 27, 2026<br>Time:  1:30 p.m.<br>Crtrm: Via Zoom |

1

JOINT RULE 26(f) REPORT

**TO THE HONORABLE COURT:**

Plaintiff JUAN VALDEZ, and Defendants CITY OF LATHROP, NATHANAEL NOVELLO, and SANTINO SOYANGCO (collectively "the Parties"), hereby submit this Joint Status Report pursuant to the Court's December 11, 2025, Order Setting Status (Pretrial Scheduling) Conference. [Dkt. 3.]

(a)    **Summary of Claims**

Plaintiff:

This case arises out of the shooting of Plaintiff near the shoulder of a highway in the area of Lathrop, California, on January 27, 2024. Following a vehicle pursuit, Defendants Nathanael Novello and Santino Soyangco encountered Plaintiff there, where he stood at the passenger side of a stopped vehicle with his hand on the vehicle. While Plaintiff stood in that position, Defendant Novello stopped and exited his police vehicle, rounded the front of the stopped vehicle to face Plaintiff, and shot Plaintiff twice. When Plaintiff then fell to the ground, Defendant Soyangco drove his vehicle into Plaintiff, striking him. Plaintiff sustained significant injuries but survived.

The named defendants are the City of Lathrop, Nathanael Novello, and Santino Soyangco. Plaintiff contends that Defendants Novello and Soyangco used excessive and unreasonable force against him, including deadly force, resulting in his injuries, in violation of his Fourth Amendment rights (42 U.S.C. § 1983). Plaintiff further contends that Defendant City of Lathrop is liable as a municipality for failing to train its officers and for ratifying the individual defendants' use of excessive force against him (42 U.S.C. § 1983). Plaintiff seeks damages, attorney fees, and costs as permitted by law.

Defendants deny liability and assert numerous affirmative defenses.

Defendants:

On January 27, 2024, City of Lathrop police officers responded to a call for service related to reports of domestic violence. Officers arrived to a residence and

attempted to contact Plaintiff on the street. Plaintiff entered a vehicle and led the officers on a pursuit through residential neighborhoods and onto the interstate.

Plaintiff's vehicle became disabled and veered toward a queue of stationary vehicles located on the interstate onramp where an assisting agency had stopped traffic to clear the road. Plaintiff fled his vehicle on foot and ran toward the driver side door of a bystander's stopped vehicle, pulling the door handle and reaching inside through a gap in the window. The bystander immediately drove away as Plaintiff continued to pull onto the door handle and reaching inside the window. The bystander drove down the interstate for approximately 14-seconds as Plaintiff held onto the door handle and reached inside the vehicle before it came to a stop. Unable to gain access to the driver's side door, Plaintiff circled the front of the vehicle to open the passenger side door. At this time, Officer Novello exited his patrol vehicle and immediately issued warnings to Plaintiff that force would be used. As Plaintiff continued to reach through a gap in the bystander's passenger door, Officer Nathanael Novello engaged Plaintiff, firing his service weapon and striking Plaintiff twice. Officer Santino Soyangco arrived at the scene immediately after Plaintiff was on the ground.

Defendants contend the use of force was reasonable and necessary under the circumstances and deny liability.

**(b)**     **Status of Service on Defendants**

All named defendants have been timely served or have timely executed waivers of service.

**(c)**     **Possible Joinder of Additional Parties**

Plaintiff may seek to amend the Complaint to name additional involved individuals currently identified in the complaint as Doe defendants, if additional individuals who may have liability are identified during discovery.

**(d)**     **Contemplated Amendments to Pleadings**

Plaintiff may seek to amend the Complaint to name additional involved

JOINT RULE 26(f) REPORT

individuals currently identified in the complaint as Doe defendants, if additional individuals who may have liability are identified during discovery.

**(e)      Statutory Basis of Jurisdiction and Venue**

This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States, including 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.

Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in this district, and at least some defendants reside in this district.

**(f)      Proposed Discovery Plan**

i.      The Parties do not propose any changes to the timing, form, or requirement for disclosures under Rule 26(a)(1). The Parties exchanged initial disclosures on March 9, 2026. The Parties do not currently anticipate that further discovery conferences will be necessary.

ii.      Plaintiff anticipates taking the deposition upon oral examination of the involved individual defendants, additional officers who responded to the scene after the shooting, medical personnel, percipient witnesses, and Defendants' expert witnesses. The additional officers, medical personnel, and percipient witnesses have not yet been identified, and experts have not yet been disclosed. Plaintiff anticipates serving written interrogatories, requests for admission, and requests for production of documents on the issues of liability.

Defendants anticipate conducting written discovery by way of written interrogatories, requests for admission, and request for production of documents, and the taking of deposition by oral examination of Plaintiff, percipient witnesses, Plaintiff's expert witnesses, Plaintiff's medical providers, and other witnesses whose identities may be obtained by further investigation.

The Parties propose to conduct discovery in an initial fact discovery phase,

followed by a shorter expert discovery phase, to include the exchange of initial expert disclosures (and rebuttal expert disclosures, if any) as well as depositions of designated expert witnesses.

iii.    The Parties do not anticipate any changes to the discovery limitations imposed under the Civil Rules being necessary, nor imposing other special limitations on discovery. The Parties do not see any issues regarding electronically stored information pursuant to Rule 26(f)(3)(C) in this case. The Parties agree that documents maintained in electronic format may be produced in hard copy format. The Parties anticipate seeking a stipulated protective order governing disclosure of certain discovery materials that the Parties believe are privileged or otherwise protected.

iv.    The Parties propose a deadline for initial disclosure of experts and information pursuant to Rule 26(a)(2) of March 5, 2027, and a deadline for disclosure of rebuttal experts and related information date of March 26, 2027.

v.    The Parties propose a fact discovery cutoff date of February 5, 2027, and an expert discovery cutoff date of April 9, 2027.

**(g)    Contemplated Motions and Deadline to Hear Motions**

If Plaintiff determines it is necessary to add additional Defendants or otherwise amend the Complaint, Plaintiff will endeavor to do so via stipulation, and will do so via motion only if a stipulation cannot be reached. After a period of discovery, Plaintiff may bring a motion for summary judgment or adjudication on one or more claims. Plaintiff may also file motions *in limine* prior to trial.

Defendants may file a motion for summary judgment or summary adjudication predicated on applicable affirmative defenses. Defendants may file motions in limine prior to trial.

The Parties propose deadline of June 7, 2027, for the hearing of all non-discovery motions.

/ / /

JOINT RULE 26(f) REPORT

**(h)     Unnecessary and Cumulative Evidence; Limitations on Expert Testimony**

The Parties do not intend to elicit unnecessary proof or cumulative evidence and will conduct discovery in a manner that is targeted toward the material issues in this case, consistent with Rule 26(b)(1). The Parties do not believe that the imposition of specific rules or limitations on discovery to address this issue are necessary at this time. If any discovery disputes arise that the Parties are unable to resolve among themselves, they will bring such disputes to the assigned Magistrate Judge.

The Parties do not currently anticipate the necessity of specific limitations or restrictions on the use of testimony under Federal Rule of Evidence 702, but will reevaluate this issue following expert discovery and may file applicable motions *in limine* if necessary and if efforts to reach agreements by stipulation are unsuccessful.

**(i)     Final Pretrial Conference**

The Parties propose a date of July 19, 2027, to hold a final pretrial conference.

**(j)     Trial Date and Length**

The Parties propose a date of August 17, 2027, for the commencement of trial. The Parties estimate 5-7 court days for trial. All Parties have demanded a jury.

**(k)     Special Procedures**

The Parties do not believe special procedures are necessary in this action. The Parties have not agreed to try the matter before a magistrate judge.

**(l)     Pretrial Procedures**

The Parties do not currently anticipate any modifications of standard pretrial procedures being necessary in this case.

**(m)     Related Cases**

This case is not related to any other case pending in this district.

**(n)     Settlement**

The Parties propose a deadline of July 16, 2027, by which to conduct a

JOINT RULE 26(f) REPORT

mediation or settlement conference in this case. The Parties request to be allowed, following a period of discovery and prior to this deadline, to determine whether to utilize a private mediator or to attend a settlement conference held by a magistrate judge.

      **(o)**    <u>**Other Matters**</u>

      None applicable.

             Respectfully submitted,

Dated: April 10, 2026       **LAW OFFICES OF DALE K. GALIPO**
                                   **KATON LAW**

                                 By   */s/ Benjamin S. Levine*
                                     DALE K. GALIPO
                                   BENJAMIN S. LEVINE
                                   GLENN KATON
                                   *Attorneys for Plaintiff*

Dated: April 13, 2026       **LONGYEAR, LAVRA & CAHILL, LLP**

                               By   */s/ Eduardo Ruiz* (as authorized 4/10)
                                     VAN LONGYEAR
                                     NICOLE M. CAHILL
                                   EDUARDO RUIZ
                                   *Attorneys for Defendants City of Lathrop, Nathanael Novello, and Santino Soyangco*

JOINT RULE 26(f) REPORT