UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN VALDEZ,

      Plaintiff,

      v.

CITY OF LATHROP, et al.,

      Defendants.

No.  2:25-cv-03574-DAD-JDP

SCHEDULING ORDER

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the court has reviewed the parties' joint status report (Doc. No. 5) and has determined that the court need not "consult[] with the parties' attorneys and any unrepresented parties at a scheduling conference," before issuing a scheduling order in this case.  Fed. R. Civ. P. 16(b)(1)(B).  Accordingly, the court vacates the initial scheduling conference set for April 27, 2026 and hereby issues this scheduling order.

I.    SERVICE OF PROCESS

The named defendants City of Lathrop, Nathanael Novello, Santino Soyangco have been served as required by Federal Rule of Civil Procedure 4.  No further service is permitted without leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

/////

/////

/////

1

II.      JOINDER OF ADDITIONAL PARTIES / AMENDMENT OF PLEADINGS

Plaintiff may seek to amend the complaint to name additional involved individuals currently identified in the complaint as Doe defendants, if additional individuals who may have liability are identified during discovery.

No further joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown. *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 27 604 (9th Cir. 1992). The parties are advised that the filing of motions and/or stipulations requesting leave to amend the pleadings does not imply good cause to modify the existing schedule. Fed. R. Civ. P. 16 (b)(4); *see also Johnson*, 975 F. 2d at 609. Moreover, any amendment requested under Federal Rule of Civil Procedure 15(a) must not be: (1) prejudicial to the opposing party; (2) the product of undue delay; (3) proposed in bad faith; or (4) futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

III.     DISCOVERY PROCEDURES

Discovery matters that do not implicate the schedule of the case or that do not relate to sealing or redaction of documents related to dispositive motions are referred to the assigned United States Magistrate Judge, who will hear all discovery disputes subject to his or her procedures. (The assigned magistrate judge's initials follow the district judge's initials next to the case number.) All discovery documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Do not direct delivery of courtesy copies of these documents to the district judge. Counsel are directed to contact the magistrate judge's courtroom deputy clerk to schedule discovery matters for hearing.

All motions to compel discovery must be noticed on the assigned magistrate judge's calendar in accordance with the local rules of this court and the magistrate judge's own procedures. The written ruling of the assigned magistrate judge shall be final, subject to modification by the district court only where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A). Pursuant to Local Rule 303, any party may file and serve a "Request for Reconsideration by the District Court of Magistrate Judge's Ruling." *See* L.R. 303(c). The requesting party must file and serve any such

2

request within fourteen (14) days of service of a written ruling.  L.R. 303(b).  The request must specify which portions of the ruling are clearly erroneous or contrary to law and the basis for that contention with supporting points and authorities.  L.R. 303(c).

In addition, the assigned magistrate judge reviews proposed discovery phase protective orders sought by the parties pursuant to Local Rule 141.1.  However, requests to seal or redact in connection with dispositive motions or trial are decided by Judge Drozd and any such requests must comply with Judge Drozd's Standing Order and Local Rules 140 and 141.

IV.    DISCOVERY DEADLINES

**A.    Rule 26(a) Initial Disclosures**

The parties have already made initial disclosures pursuant to Federal Rule of Civil Procedure Rule 26(a)(1).  (Doc. No. 5 at 4.)

Any parties served or joined after the issuance of this scheduling order shall "make the initial disclosures within 30 days after being served or joined," as provided by Rule 26(a)(1)(D).

**B.    Fact Discovery**

All fact discovery shall be completed[1] no later than **February 5, 2027**.

The parties do not propose any limitations or changes to the governing provisions of the Federal Rules of Civil Procedure.

**C.    Expert Discovery**

Disclosures of expert witnesses, if any, must be made pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), (B) and (C), and shall include all information required thereunder.  Each expert witness must be fully prepared to be examined on all subjects and opinions included in the disclosures.  Failure to comply with these requirements may result in the imposition of

/////

---

[1] As used herein, the word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  The parties are advised that motions to compel must be filed in advance of the discovery completion deadlines so that the court may grant effective relief within the allotted discovery time.  A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

appropriate sanctions, including the preclusion of the expert's testimony, or of other evidence offered through the expert.

The parties shall disclose initial experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) by no later than **March 5, 2027**. With regard to expert testimony intended solely for rebuttal, those experts shall be disclosed and reports produced in accordance with Federal Rule of Civil Procedure 26(a)(2) on or before **March 26, 2027**.

All expert discovery shall be completed no later than **April 9, 2027**.

V.      MOTIONS

All motions, except motions for continuances, temporary restraining orders, or other emergency applications, shall be filed on or before **June 7, 2027** and shall be noticed for hearing before Judge Drozd on a date not more than 60 days from the date the motion is filed and on a date that is consistent with Judge Drozd's Standing Order. Counsel are directed to refer to the local rules regarding the requirements for noticing and opposing such motions on the court's regularly scheduled law and motion calendar.

Prior to filing a motion for summary judgment or motion for partial summary judgment (summary adjudication), the parties are ordered to meet and confer, in person or by telephone, to discuss the issues to be raised in the motion. **In addition to complying with the requirements of Local Rule 260, the parties must prepare a Joint Statement of Undisputed Facts, which identifies all relevant facts subject to agreement by all parties.** The moving party is responsible for filing the joint statement concurrently with the motion. In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above or provide a statement of good cause for the failure to do so.

VI.     SETTLEMENT CONFERENCE

The undersigned requires parties to participate in a court-supervised settlement conference with a settlement judge before the action may proceed to trial. A settlement conference has not been set at this time. At any time before the final pretrial conference, the parties may file a joint request that this action be referred to a settlement judge for the setting of a settlement conference. If the parties have not participated in a court-supervised settlement conference by the time of the

final pretrial conference, the court will refer the action at that time to the assigned magistrate judge for the setting of a settlement conference.  The parties shall contact the designated settlement conference judge's chambers to ascertain that judge's settlement conference procedures, including the procedure for submitting confidential settlement statements, which shall not be filed and will not otherwise be disclosed to the trial judge.

Unless otherwise permitted in advance by the court, the attorneys who will try the case shall appear at the settlement conference.  Pertinent evidence to be offered at trial, documents or otherwise, should be brought to the settlement conference for presentation to the settlement judge.  Of course, neither the settlement conference statements nor communications during the settlement conference with the settlement judge can be used by either party in the trial of this case.

Absent permission from the court, in addition to counsel who will try the case being present, the individual parties shall also be present, and in the case of corporate parties, associations or other entities, and insurance carriers, a representative executive with unrestricted authority to discuss, consider, propose and agree, or disagree, to any settlement proposal or offer shall also be present.  If for any reason the representative with unlimited authority cannot attend, such a person must be available by phone or video throughout the conference.  In other words, having settlement authority "up to a certain amount" is not acceptable.

VII.    FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for **November 8, 2027 at 1:30 p.m.** before District Court Judge Dale A. Drozd by Zoom.  Parties will receive a Zoom ID number and password for the final pretrial conference by email from Judge Drozd's Courtroom Deputy Pete Buzo (PBuzo@caed.uscourts.gov).  Any other interested parties or members of the public may access the conference telephonically by dialing 669−254−5252, meeting ID 161 413 4031 and using meeting passcode 125984, at the time of the conference.  Because several matters may be set for the same afternoon, the parties will be notified in advance of the conference at what specific time the court anticipates calling their case so they can join the Zoom at that time.

The parties are directed to file a **joint** pretrial statement, carefully prepared and executed by all counsel, that complies with the requirements of this Local Rule 281 and Judge Drozd's

Standing Order.  Counsel shall also email a copy of the joint pretrial statement in Word format to Judge Drozd's chambers at dadorders@caed.uscourts.gov.

The parties' attention is directed to Local Rules 281 and 282.  This court will insist upon strict compliance with these rules.  At the pretrial conference, the court will set deadlines to file trial documents, including motions *in limine*, trial briefs, and proposed jury *voir dire*, instructions, and verdict forms (where applicable).

VIII.    JURY TRIAL

A jury trial is set for **January 11, 2028 at 9:00 a.m.** in Courtroom 4 before District Court Judge Dale A. Drozd.  Trial is anticipated to last 5–7 court days.

IX.    REQUEST FOR BIFURCATION, APPOINTMENT OF SPECIAL MASTER, OR OTHER TECHNIQUES TO SHORTEN TRIAL

The parties have not made any such requests at this time and do not anticipate any such requests.

X.    RELATED MATTERS PENDING

There is no related litigation.

XI.    OBJECTIONS AND MODIFICATIONS TO THE SCHEDULING ORDER

**This case schedule will become final without further order of the court unless objections are filed within fourteen (14) days of the entry of this order.**  The schedule, once final, shall not be modified except by leave of court upon showing of good cause.  The assigned magistrate judge is authorized to modify only the discovery dates to the extent any such modification does not impact the balance of the schedule of the case.

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, no stipulations extending scheduling requirements or modifying applicable rules are effective until and unless the court approves them.  Agreement of the parties by stipulation alone does not constitute good cause.  Any request or stipulation to modify this scheduling order must set forth:

(1)    the existing due date or hearing date as well as the discovery cutoff date, the last date for hearing motions, the final pretrial conference date, and the trial date;

(2)     whether there have been prior requests for extensions, and whether these were granted or denied by the court; and

(3)     specific, concrete reasons supporting good cause for granting of the extension.  For example, if the reason for the requested extension is that it "will promote settlement," the requesting party or parties must indicate the status of ongoing negotiations, i.e., have written proposals been exchanged; is counsel in the process of reviewing a draft settlement agreement; has a mediator been selected.

IT IS SO ORDERED.

Dated:   **April 22, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE